**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **KEANON TILLEY, ID # 1542552,** ) | |
|        **Plaintiff,** ) | |
| **vs.** ) | **No. 3:09-CV-2451-L-BH** |
| ) | |
| **NFN GONZALEZ, et al.,** ) | |
|        **Defendants.** ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b) and Special Order 3-251, this case has been referred for screening.

**I. BACKGROUND**

Plaintiff, a prisoner in the Texas prison system, initially filed this action in the Eastern District of Texas against several defendants across the state. The Court severed the claims based on events that allegedly occurred in Dallas and Rockwall counties and transferred them here. In his original complaint, Plaintiff sues "Lew Sterric [sic]County Jail (Hargarty and Gonzalez)" for "state created danger - State of Texas" and Rockwall Mayor Bill Cecil for "unpaid medical bills". The Court ordered Plaintiff to file an amended complaint that contained only his claims based on events in Dallas and Rockwall counties.

On January 28, 2010, Plaintiff filed an amended complaint suing the Mayor of Rockwall for an October 2006 automobile accident. He sued the guards at Lew Sterrett for an alleged rape and hospitalization following his arrest. He also sued "Parkland Hospital (Dr. Richard Barrena)" for failing "to obtain stool specimen" and for ordering that he be treated while in restraints.[1] He also asserted claims against Krogers, Timberland Mental Health Facility, Everest College, and "United

---

[1] As described in the amended complaint, Plaintiff arrived at the hospital "ambulatory in custody of [Dallas Sheriff Officers (DSO)], hands cuffed to waist chain, leg irons in place, (DSO) chairside."

Percil Service" for alleged failures to vaccinate employees, obtain consent or refusal form for immunization records, and placing him at risk for hepatitis. He sued Baylor Hospital for failure to properly treat an infected hernia and the Northern District of Texas for extortion due to state created entity.

The Court ordered Plaintiff to provide additional information about his claims. (*See* Answers Mag. J. Questionnaire ("MJQ")[2], Quest. 1-5.) Plaintiff clarified that the incident with the guards resulted in a fractured nose, eye hematoma, pain, and an upper respiratory infection. (*See id.*, Answers 1-2, 4.) His claim against Parkland and Barrena concerns being treated "in restraints without obtaining a doctor's order" and a failure to proceed with a male rape examination. (*See id.*, Answer 5.) He seeks compensation and reprimand as relief in this action. No process has been issued.

## II. JOINDER OF CLAIMS

Plaintiff has joined numerous claims against various defendants. When a litigant asserts diverse claims against multiple defendants, the courts may *sua sponte* consider whether the parties and claims are properly joined in one action. *See* Fed. R. Civ. P. 21; *Richardson v. Proctor & Gamble*, No. 3:07-CV-2038-K, 2008 WL 483337, at *2 (N.D. Tex. Feb. 18, 2008) (accepting recommendation of Mag. J.) Although a party may generally join any claims it has against an opposing party under Fed. R. Civ. P. 18(a), it must satisfy Fed. R. Civ. P. 20(a)(2) if other opposing parties are also named. Rule 20(a)(2) permits joinder of multiple defendants in a single lawsuit only when (1) the plaintiff asserts a right to relief against each defendant relating to or "arising out of the same transaction, occurrence, or series of transactions or occurrences" and (2) a "question of law or fact

---

[2] Plaintiff's answers to the questions posed by the Court constitute an amendment to the filed complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

common to all defendants will arise in the action." *See also Applewhite v. Reichhold Chem., Inc.*, 67 F.3d 571, 574 n.11 (5th Cir. 1995). Requiring parties to assert unrelated claims against different defendants in separate complaints avoids unduly cumbersome litigation, and in the context of prisoner litigation, ensures that prisoners pay the required filing fees under the Prison Litigation Reform Act. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Here, Plaintiff failed to comply with Rule 20(a)(2) when he filed his multi-defendant action in the Eastern District of Texas. Even the more limited claims severed and transferred here violated Rule 20 because the claim against the Mayor arose out of a different series of events than the claim against the guards and Lew Sterrett, and the claims did not present a common question of law or fact. Plaintiff's amended complaint added claims against more diverse defendants. Although Plaintiff's claim against Parkland and Barrena arises from the incident with the guards, it does not appear to present a common question of law or fact. All other claims are completely unrelated to and share no common question of law or fact with the claims against the guards.

Courts have broad discretion to sever parties or claims that are "misjoined or might otherwise cause delay or prejudice." *Applewhite*, 67 F.3d at 574; *accord* Fed. R. Civ. P. 21. Rule 21 permits courts to drop improperly joined defendants while permitting the action to proceed against a named defendant and any other properly joined defendant. *See Richardson*, 2008 WL 483337, at *2-3 (dropping all defendants except first one). Additionally, courts may screen part of a complaint while striking or dismissing other claims as improperly joined. *Robinson v. Stone*, No. 3:09-CV-0220-B, 2009 WL 790130, at *4 (N.D. Tex. Mar. 25, 2009) (accepting recommendation of Mag. J.).

Here, the first relevant defendants of the original complaint are Lew Sterrett and the guards – all listed as "Defendant #2". The amended complaint lists the guards as defendants #1 and #2 and

also mentions Lew Sterrett when addressing claims against them.  Although no other defendant appears properly joined with the two guards and Lew Sterrett, the claims against Parkland and/or Barrena arise out of the same series of events.  All defendants except for the two guards, Lew Sterrett, Parkland Hospital, and Dr. Barrena should therefore be dropped.  Plaintiff may pursue an action against a dropped party in a separate action by filing a civil complaint in the proper court.

### III.  PRELIMINARY SCREENING

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*.  As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.  *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam).  Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."  *Id.* at 327.  A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to

state a claim upon which relief may be granted. *Id.*

Under 42 U.S.C. § 1983, Plaintiff seeks monetary relief and a reprimand against two guards and Lew Sterrett for injuries related to an alleged rape and against Parkland and Barrena for alleged failures at the hospital following the alleged rape. Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.* To state a claim under § 1983, plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

### A. Requested Relief

As part of the relief sought in this action, Plaintiff seeks a reprimand. However, § 1983 provides no means to reprimand any defendant. *Cf. Williams v. Davis*, No. 3:09-CV-0296-B, 2009 WL 928318, at *2 (N.D. Tex. Apr. 6, 2009) (accepting recommendation of Mag. J.) (criminal prosecution not proper relief); *King v. Forest*, No. 3:08-CV-1405-L, 2008 WL 4951049, at *2 (N.D. Tex. Nov. 14, 2008) (same). Monetary damages is the only viable relief.

### B. Claims Against Parkland and Barrena

Plaintiff claims that Parkland and Barrena provided medical treatment while he was in restraints without obtaining a doctor's order and failed to proceed with a male rape examination despite an allegation that he had been raped. Although Plaintiff makes no allegation that either Parkland or Barrena is a state actor, the Court assumes that these claims involve state action solely

for purposes of this recommendation. Even so, the claims amount to no more than a disagreement with the medical treatment received and how he was accommodated during treatment. Mere disagreement with medical accommodations or treatment does not state a claim under § 1983. *Gibbs v. Grimmette*, 254 F.3d 545, 549 (5th Cir. 2001) (treatment); *Wilson v. State*, No. 7:00-CV-0966, 2002 WL 31499736, at *1 (W.D. Va. May 6, 2002) (accommodations).

Under his alleged facts, Plaintiff has stated no plausible claim against either Parkland or Barrena. Accordingly, the claims against them should be summarily dismissed with prejudice.

**C. Claims Against Lew Sterrett**

Plaintiff also appears to assert claims against Lew Sterrett. Lew Sterrett, however, is a non-jural entity that is not subject to suit under § 1983. *Williams v. City of Dallas Police Dep't*, No. 3:09-CV-0275-P, 2009 WL 812239, at *2 (N.D. Tex. Mar. 26, 2009) (accepting recommendation of Mag. J.); *Searcy v. Cooper*, No. 3:01-CV-0112-D, 2001 WL 435071, at *3 (N.D. Tex. Apr. 20, 2001) (recommendation of Mag. J.), *accepted by* unpub. order (N.D. Tex. May 15, 2001). To the extent that Plaintiff asserts a claim against Lew Sterrett, the claim(s) should be dismissed with prejudice.

**D. Claims Against Guards**

Plaintiff states that he sues two guards for "rape – hospitalized" but provides few facts to support the claims. He asserts that he was taken to Lew Sterrett after his arrest "where he was hospitalized by public officials with allegations of rape." He then recites medical findings regarding his injuries, including a broken nose and associated swelling, and a conclusion that there was no reason to proceed with a male rape examination because "no blood in stool". He refers to a nurse's note where he allegedly reported a loss of consciousness, wrist and butt pain, and "being raped by

6

officers after being maced." He was allegedly told to apply ice packs to his eye three times a day and to take pain medication. The amended complaint provides no other facts to support a claim against the guards. Plaintiff's answers to the court questionnaire added no new facts about the rape allegations but did link his injuries to an incident involving the guards.

An alleged sexual assault states a claim under § 1983 when (1) the assault is objectively, sufficiently serious and (2) the involved prison official acted with a sufficiently culpable state of mind. *Boddie v. Schnieder*, 105 F.3d 857, 861 (2d Cir. 1997) (discussing Eighth Amendment claim). *See also Burleson v. Tex. Dep't Crim. J.*, 393 F.3d 577, 589 (5th Cir. 2004) (setting out same elements for an Eighth Amendment violation).[3] Because sexual abuse violates contemporary standards of decency, "severe or repetitive sexual abuse of an inmate by a prison officer can be 'objectively, sufficiently serious'" to violate the Eighth Amendment. *Id.* Further, the alleged conduct itself may be sufficient evidence of a culpable state of mind in some circumstances because there is no legitimate purpose to an officer's sexual abuse of a prisoner. *Id.* Given the alleged rape and extensive injuries from the incident, Plaintiff has sufficiently alleged severe sexual abuse. At this point in the litigation, Plaintiff's minimal factual allegations against the guards are sufficient to survive frivolity screening, and process should issue as to them.[4]

### IV. RECOMMENDATION

All defendants should be dropped from this action pursuant to Fed. R. Civ. P. 21, except for

---

[3] It appears that Plaintiff was a prisoner protected by the Eighth Amendment at the time of the alleged assault. Even if he was a pretrial detainee protected by the Fourteenth Amendment, the same standards would apply. *Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc); *Kahle v. Leonard*, 477 F.3d 544, 550-54 (8th Cir. 2007) (recognizing sexual assault claim under the Eighth or Fourteenth Amendments depending on whether plaintiff was prisoner or pre-trial detainee).

[4] The limited identifying information about the guards provided by Plaintiff may hamper service. If a defendant cannot be timely served with process due to a lack of proper identification, this action may be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m).

Parkland Hospital, Dr. Barrena, Officers Gonzalez and Hargarty (or Hargarthy), and Lew Sterrett. Plaintiff should be notified that he must pursue litigation against any dropped defendant in a separate civil action by filing a complaint in the proper court, and that any new civil action must comply with the joinder requirements of Rule 21. The sexual assault claims against the two officers should proceed and process should issue as to them. The Court should summarily **DISMISS** all remaining claims with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). .

**SIGNED this 10th day of March, 2010.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE