# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **KEANON TILLEY, ID # 1542552,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **No. 3:09-CV-2451-L-BH** |
| | ) | |
| **NFN GONZALEZ, et al.,** | ) | |
| **Defendants.** | ) | **Pretrial Management** |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS

Pursuant to a standing order of reference dated April 15, 2010, this case has been referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court is *Defendant Haggarty's Motion for Summary Judgment* ("Mot."), filed August 2, 2010, (doc. 37). Based on the relevant filings and applicable law, the motion should be **GRANTED**.

## I. BACKGROUND

Plaintiff, a prisoner in the Texas prison system, filed this suit under 42 U.S.C. § 1983 against Officers Gonzales and Haggarty[1] for allegedly raping him while he was in custody at the Lew Sterrett jail ("the Jail"). (Am. Compl. at 3 and attached pages.)

On June 12, 2008, Plaintiff was booked into the Jail on a warrant for burglary of a habitation. (*See* Appendix ("App.") at 28-30.) The next day, after he was twice non-compliant with direct orders from officers, he was escorted to a holdover tank in handcuffs. (*See* Incident Reports, attached to App. at 31-32.) When the handcuffs were removed, he began to fight and resist officers. (App. at 32.) As a result of the incident, Plaintiff allegedly sustained a fractured nose, eye hematoma, pain,

---

[1] This spelling of defendant's name, which is used in his affidavit in support of the summary judgment motion, differs from the spelling in his original answer.

and an upper respiratory infection. (*See* Answers Mag. J. Questionnaire ("MJQ"),[2] Ans. 4.) Medical personnel who examined Plaintiff found no signs of trauma to his perianal region and determined that a male rape examination was unnecessary. (Am. Compl. at attached page 1.)[3]

On August 2, 2010, Officer Haggarty moved for summary judgment on grounds of qualified immunity. (Mot. at 2; Br. at 1-5.) Plaintiff did not respond, and the issues are now ripe.

## II. SUMMARY JUDGMENT STANDARD FOR QUALIFIED IMMUNITY CASES

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.*

Typically, a movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In the context of § 1983 litigation, however, governmental employees asserting the defense of qualified immunity in a motion for summary judgment need only assert the defense in good faith. *See Gates v. Tex. Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 419 (5th Cir. 2008); *Hathaway*

---

[2] The verified answers to the questions posed by the Court constitute an amendment to the complaint, *see Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994), and may serve as competent summary judgment evidence through Fed. R. Civ. P. 56(e).

[3] Because the amended complaint and its attachments are verified under penalty of perjury, they may serve as competent summary judgment evidence "to the extent that [they] comport[ ] with the requirements of Fed. R. Civ. P. 56(e)." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir.1994); *accord Barnes v. Johnson*, 204 F. App'x 377, 378 (5th Cir. 2006).

*v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007). They have no burden to put forth evidence. *Beck v. Tex. State Bd. of Dental Exam'rs*, 204 F.3d 629, 633-34 (5th Cir. 2000).

The burden then shifts to the non-movant to show that the defense does not apply. *See Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009); *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc). The non-movant must identify specific evidence in the record and show how it presents a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324; *see also RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).[4] Although courts view the evidence in a light most favorable to the non-movant, *Anderson*, 477 U.S. at 255, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence'", *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc)). The non-movant must show that the evidence is sufficient to support a resolution of the factual issue in his favor. *Anderson*, 477 U.S. at 249.

Here, Plaintiff has not responded to the motion. While this failure does not permit entry of a "default" summary judgment, it does allow the court to accept Officer Haggarty's evidence as undisputed.[5] *See Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990).

### III. QUALIFIED IMMUNITY

Officer Haggarty moves for summary judgment on grounds that he is protected from suit by

---

[4] Courts generally liberally construe a *pro se* plaintiff's pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam). They have no obligation under Fed. R. Civ. P. 56 "to sift through the record in search of evidence to support a party's opposition to summary judgment", however. *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)).

[5] Haggarty's unsigned affidavit, (*see* App. at 36-38), does not constitute competent summary judgment evidence and will not be considered. *See Roy v. U.S. Dept. of Ag.*, 115 Fed. App'x 198, *2 (5th Cir. 2004); *see also Okoye v. University of Texas Houston Health Science Center,* 245 F.3d 507, 510 (5th Cir. 2001) (declining to consider unsworn statement because it was not competent summary judgment evidence).

3

qualified immunity because there is no evidence to show that he violated Plaintiff's constitutional rights or that he acted objectively unreasonable in light of the clearly established law in June 2008. (*See* Br. at 2-5.)

A governmental employee who is sued under § 1983 may assert the affirmative defense of qualified immunity. *White v. Taylor*, 959 F.2d 539, 544 (5th Cir. 1992). Qualified immunity protects government officials performing discretionary functions from suit and liability for civil damages to the extent their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The doctrine protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Because an official is entitled to immunity from suit, not merely from liability, immunity questions should be resolved as early as possible in the litigation. *See Hunter v. Bryant*, 502 U.S. 224, 227 (1991).

In deciding whether a defendant is entitled to qualified immunity, courts conduct a two-prong inquiry. Under the first prong, court consider whether the facts alleged, taken in the light most favorable to the plaintiff, show a violation of a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 200 (2001), *overruled in part by Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009). Under the second prong, courts determine whether the violated constitutional right was clearly established within the specific context of the case. *Id.* at 201. "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 202. It is within the discretion of the court to decide which of the two prongs to address first in light of the circumstances particular to each case. *Pearson*, 129 S. Ct. at 818; *Lytle v. Bexar County, Tex.*, 560 F.3d 404, 409 (5th Cir.

4

2009) ("*Saucier's* rigid 'order of battle'... is now advisory."). If the court answers both the constitutional violation and clearly established questions in the affirmative, the officer is not entitled to qualified immunity. *Lytle*, 560 F.3d at 410.

Here, Defendant has carried his summary judgment burden by asserting his qualified immunity defense. *See Gates*, 537 F.3d at 419. The burden now shifts to Plaintiff to produce evidence showing that Defendant violated his constitutional rights and that the violation was objectively unreasonable under clearly established law at the time of the violation. *See Zarnow v. City of Wichita Falls*, 500 F.3d 401, 407-08 (5th Cir. 2007).

**A. <u>Constitutional Violation</u>**

Plaintiff's claims for sexual assault and excessive force arise under either the Eighth or Fourteenth Amendments, depending on whether he was a pretrial detainee or a convicted prisoner at the time of the alleged events.[6] *See Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc) (recognizing that different constitutional provisions apply depending on the detention status of the individual). Regardless, the applicable standards are the same under both amendments. *See Valencia v. Wiggins*, 981 F.2d 1440, 1446 (5th Cir. 1993) (excessive force); *Tilley v. Gonzalez*, No. 3:09-CV-2451-L-BH, 2010 WL 1541494, at *4 n.3 (N.D. Tex. Mar. 10, 2010) (recommendation addressing sexual assault), *accepted by* 2010 WL 1542181 (N.D. Tex. Apr. 15, 2010).

**2.** *Sexual Assault*

A prisoner "states a claim for sexual assault under § 1983 when (1) the assault is objectively, sufficiently serious and (2) the involved prison official acted with a sufficiently culpable state of mind." *Tilley*, 2010 WL 1541494, at *4 (citing *Boddie v. Schnieder*, 105 F.3d 857, 861 (2d Cir.

---

[6] Plaintiff may have been a pretrial detainee at the time of the alleged assault. (*See* App. 28-30.)

5

1997) (discussing sexual assault in context of Eighth Amendment); *Burleson v. Tex. Dep't Crim. J.*, 393 F.3d 577, 589 (5th Cir. 2004) (discussing same elements for a general Eighth Amendment claim)).

> Because sexual abuse violates contemporary standards of decency, "severe or repetitive sexual abuse of an inmate by a prison officer can be 'objectively, sufficiently serious'" to violate the Constitution. Further, the alleged conduct itself may be sufficient evidence of a culpable state of mind in some circumstances because there is no legitimate purpose to an officer's sexual abuse of a prisoner.

*See id.* (quoting *Boddie*, 105 F.3d at 861).

Here, Plaintiff has provided no evidence to show that Officer Haggarty raped him, took any action that could constitute a sexual assault, or used any force against him. His amended complaint alleges a rape but provides no supporting facts. Neither it nor his answers to the MJQ connect Officer Haggarty to the alleged rape. There is also no evidence that Officer Haggarty acted with a sufficiently culpable state of mind, and Plaintiff has not provided facts supporting an inference that the officer acted with the requisite state of mind. Accordingly, Plaintiff has not shown that a genuine issue of material fact exists as to whether Officer Haggarty violated his constitutional rights by sexually assaulting him.

### 3. *Excessive Force*

To the extent Plaintiff claims that Officer Haggarty used excessive force against him, the "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *See Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *accord Wilkins v. Gaddy*, 130 S. Ct. 1175, 1178 (2010) (emphasizing that the inquiry is "not whether a certain quantum of injury was sustained"). This inquiry has two components – an objective one that focuses on whether the alleged wrongdoing was harmful enough to violate the

Constitution and a subjective one that focuses on the mental state of the alleged wrongdoer. *Hudson*, 503 U.S. at 7-8.

Here, Plaintiff has not provided any evidence showing that Officer Haggarty used any force against him, much less that the officer maliciously and sadistically used force against him to cause harm. As with his sexual assault claim, neither his amended complaint nor his answers to the MJQ connect Officer Haggarty to his alleged injuries. Accordingly, he has not identified evidence creating a genuine issue of material fact as to whether Officer Haggarty violated his constitutional rights by using excessive force against him.

In summary, Plaintiff has not provided or identified summary judgment evidence sufficient to create a genuine issue of material fact regarding Officer Haggarty's entitlement to qualified immunity.

### IV. CONCLUSION

*Defendant Haggarty's Motion for Summary Judgment*, filed August 2, 2010 (doc. 37), should be **GRANTED**.

**SO RECOMMENDED on this 27th day of October, 2010.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

7

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE